IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELVIN M. REED, III,

    Plaintiff,

v.

THE OHIO STATE UNIVERSITY
MEDICAL CENTER,

    Defendant.

Case No. 2:12-cv-241
Judge Gregory L. Frost
Magistrate Judge Kemp

## ORDER

This matter is before the Court for consideration of Defendant The Ohio State University Medical Center's ("Medical Center") motion to dismiss (ECF No. 4), Plaintiff's response in opposition (ECF No. 8), and the Medical Center's reply (ECF No. 9). For the reasons that follow, the Court **DENIES** the motion.

### I. Background

Plaintiff Melvin Reed is an African-American male and a former employee of the Medical Center. The Medical Center terminated Plaintiff's employment in August 2009.

On June 16, 2010, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that the Medical Center wrongfully terminated his employment and treated him less favorably than his similarly-situated Caucasian co-workers. The EEOC declined to pursue Plaintiff's case and instead mailed him a Dismissal and Notice of Rights letter setting forth his right to sue in federal court ("EEOC Notice" or "RTS Notice"). (ECF No. 4-1.)

The EEOC mailed the Notice to Plaintiff on December 9, 2011. (*Id*.) The EEOC Notice

1

states that "[i]n order to pursue this matter further, you must file a lawsuit against the respondents named in the charge within 90 days of the date you *receive* this Notice." (*Id.* at 2.) The Notice further states that "in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you." (*Id.*)

Plaintiff alleges that he received the EEOC Notice on December 19, 2011. In his memorandum in opposition to the Medical Center's motion to dismiss, Plaintiff clarifies that the EEOC Notice was sent to his former address in Reynoldsburg, Ohio and that he never actually received the EEOC Notice. Plaintiff submitted an affidavit with his brief stating that he learned of the EEOC Notice on December 19, 2011, when his attorney called him and notified him of the document's existence. (ECF No. 8-1.) Plaintiff attached to his brief a second affidavit signed by his attorney, Cheryl Hankerson, stating that she first received the EEOC Notice on December 19, 2011. (ECF No. 8-2.)

Plaintiff filed a complaint with this court on March 19, 2012. (ECF No. 2.) On June 28, 2012, Plaintiff's counsel mistakenly served the complaint on a representative of the Ohio State University Medical Center Service Board ("MCSB") named Nancy Miller. The MCSB is a non-profit organization that is not associated with the Medical Center. Plaintiff's counsel did not hear anything from Ms. Miller and did not realize that she had failed to effectuate service upon the Medical Center.

On July 7, 2012, Plaintiff filed an amended complaint with this Court. Plaintiff's counsel served Ms. Miller with the amended complaint on July 23, 2012. Plaintiff's counsel asserts that, until the Medical Center filed its motion to dismiss on August 24, 2012, she was unaware that

2

service had not been perfected.

Plaintiff's counsel asserts that she served the Medical Center with the amended complaint on September 13, 2012. The Medical Center does not dispute this assertion.

The Medical Center's motion to dismiss raises two grounds for dismissal. First, the Medical Center moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Medical Center argues that Title VII permits a claimant to bring a claim within ninety days of receiving a right to sue notice from the EEOC and that Plaintiff's ninety-day period began running on a date prior to December 19, 2011. The Medical Center concludes that Plaintiff's complaint—filed March 19, 2012—is time-barred.

Second, the Medical Center moves to dismiss for insufficient process pursuant to Rule 12(b)(4). The Medical Center argues that Plaintiff failed to perfect service within 120 days of filing his complaint such that dismissal is proper under Rule 4(m). The Medical Center adds that Plaintiff has engaged in a series of "material missteps" in this case (including filing an untimely memorandum in opposition to the motion to dismiss)[1] and that it "should not bear the cost of Plaintiff's repeated lateness or carelessness." (ECF No. 9, at 1, 4.)

The Court will address each of these issues in turn.

## II. Timeliness

*A. Standard of Review*

The Medical Center purports to bring its timeliness arguments under Rules 12(b)(1) and 12(b)(6). But Rule 12(b)(1) is not the appropriate standard of review when a party challenges a

---

[1] Despite receiving a two-day extension in which to file the document, Plaintiff filed his memorandum a day late purportedly because of a "computer system malfunction and meltdown." (ECF No. 8, at 1.)

complaint under Title VII's ninety-day time limit. *Gordon v. England*, 354 F. App'x 975, 978 (6th Cir. 2009). Title VII's ninety-day time limit is an administrative condition precedent to suit and not a jurisdictional requirement. *Id.*; *see also Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir.1998). Thus, the Court will focus on Rule 12(b)(6). *See Gordon*, 354 F. App'x at 978.

Dismissal under Rule 12(b)(6) is proper if a complaint fails to state a claim upon which a court can grant relief. Fed. R. Civ. P. 12(b)(6). A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to the plaintiff and treat all well-pleaded allegations contained therein as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Rule 12(b)(6) is also subject to the requirements of Rule 12(d), which governs the evidence that a court may consider in adjudicating a motion to dismiss. Rule 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Dismissal under Rule 56 is appropriate if there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

*B. Analysis*

A federal court may not entertain an action under Title VII of the Civil Rights Act of 1964 unless the complaining party has (1) timely filed a charge with the EEOC setting forth the facts and nature of the allegations of discrimination and (2) received notice of the right to sue ("RTS notice"). *Adams v. Tenn. Dep't of Fin. & Admin.*, 179 F. App'x 266, 271 (6th Cir. 2006).

4

The RTS notice commences a ninety-day time period in which the complaining party may bring a private action in district court. 42 U.S.C. § 2000e-5(f)(1). The ninety-day period is a statute of limitations and the complaining party is barred from bringing his or her Title VII claim outside of the prescribed ninety-day window. *Id.*; *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000).

Plaintiff and the Medical Center dispute the date on which Plaintiff's ninety-day period began to run. Section 2000e-5(f)(1) of Title VII states that, after the EEOC issues an RTS notice, the aggrieved person may bring a civil action "within ninety days after the *giving* of such notice." 42 U.S.C. § 2000e-5(f)(1) (emphasis added). The Code of Federal Regulations states that an RTS notice shall include "[a]uthorization to the aggrieved person to bring a civil action . . . within 90 days from *receipt* of such authorization." 29 C.F.R. § 1601.28(e)(1) (emphasis added). The Sixth Circuit has resolved that

> notice is given, and hence the ninety-day limitations terms begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000). A claimant therefore has a presumed ninety-five day period following the mailing date on his or her RTC notice in which to file a complaint in federal court. *Id.*

In this case, the EEOC mailed Plaintiff's RTS Notice on December 9, 2011. (ECF No. 4-1.) The presumptive ninety-five day period expired on March 13, 2011. Plaintiff's complaint (filed March 19, 2011) therefore would be time-barred under the presumptive ninety-five day time limit.

Plaintiff asserts that he received the RTS Notice on December 19, 2011—five days after the presumed five-day mailing period—because the EEOC sent it to an outdated address. Plaintiff argues that the ninety-day clock began ticking on the day that he actually received the EEOC Notice and not the fifth day after it was mailed.

It is well settled in the Sixth Circuit that actual receipt of notice is not required before the ninety-day time period begins to run. *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986). If a claimant receives an RTC notice outside the presumed five-day mailing period because he or she failed to inform the EEOC of a change in address, the actual date of receipt is irrelevant and the ninety-five day time limit applies. *Hunter*, 790 F.2d at 474; *Graham-Humphreys*, 209 F.3d at 558 (discussing *Hunter* and the doctrine of constructive notice); *see also Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004); *Banks v. Rockwell Int'l N. Am. Aircraft Ops.*, 855 F.2d 324, 325 (6th Cir. 1988); *Adams v. Noble*, 137 F. Supp. 2d 1054, 1059–59 (S.D. Ohio 2001). The Sixth Circuit has consistently held that a claimant has an affirmative duty to apprise the EEOC of changes in address and that, if a claimant fails to perform this duty, a court will not toll the commencement of the ninety-day period in which that claimant may file suit. *See Hunter*, 790 F.2d at 474; *Banks*, 855 F.2d at 325.

Plaintiff submitted a sworn affidavit to this Court stating that he informed the EEOC investigator assigned to his case that his former Reynoldsburg, Ohio address was no longer valid and that all further communications should be sent to his new address of record in St. Louis. (ECF No. 8-1, at 2.) Plaintiff contends that he is not responsible for the delay in receiving the RTS notice such that the ninety-five day time limit does not apply.

The Medical Center responds that Plaintiff's affidavit, standing alone, is insufficient to

prove that he notified the EEOC of his address change. In support of its position, the Medical Center cites *Burnette v. Secretary, Department of Veteran's Affairs*, in which a judicial officer from the Northern District of Ohio found that the plaintiff failed to present sufficient evidence to rebut the ninety-five day presumptive time limit and prove that her complaint was timely filed. No. 1:07-cv-00759, 2007 U.S. Dist. LEXIS 58127, *12–13 (N.D. Ohio Aug. 9, 2007). The *Burnette* court analyzed the issue in the context of Rule 12(b)(1)—which enables a court to resolve factual disputes—and noted that the plaintiff's only evidence in support of her position was an allegation in the complaint that she had informed the EEOC of her new address. *Id.* at *2 (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)); *id.* *9–10. The court concluded that such evidence was insufficient to survive a Rule 12(b)(1) challenge to subject matter jurisdiction and dismissed the plaintiff's complaint. *Id.* at *12–13.

There are two problems with the Medical Center's argument. First, Plaintiff relies on a sworn affidavit in support of his position and not an unsubstantiated allegation in his complaint. It is therefore unclear whether the facts in *Burnette* are even analogous to the issue that is currently before this Court. *See id.* at *9–10. Other courts in this circuit have accepted personal affidavits as evidence in determining the date on which Title VII's ninety-day time period commenced. *See*, *e.g., Baldwin v. Wynne*, No. 3:08-cv-001, 2009 WL 1032850, at *1–2 (S.D. Ohio Apr. 16, 2009) (Report & Recommendation), *adopted by* 2009 WL 2485984 (S.D. Ohio July 15, 2009); *accord Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996). The Medical Center does not explain why an affidavit would be insufficient as a matter of law to rebut the ninety-five day presumption.

Second, the *Burnette* court relied on an incorrect standard of review. *See Gordon*, 354 F.

7

App'x at 978.  Rule 12(b)(1) does not apply to the question that is currently before this Court and does not empower the Court to resolve the present factual dispute.  *See id.*; *see also Baldwin*, 2009 WL 1032850 at *1–2.  The Court must instead construe the allegations in the complaint in the light most favorable to Plaintiff and analyze the issue under Rule 12(b)(6).

Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run.  *See Baldwin*, 2009 WL 1032850 at *2 (citing *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir.1981)).  Plaintiff's complaint states that he received the EEOC Notice on December 19, 2011; the Court cannot conclude from the face of the complaint that the ninety-day period commenced on a date prior to December 19, 2011.  The Medical Center cannot obtain dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6).

Instead, the Medical Center's sole avenue for dismissal would be Rule 56, since the issue of whether Plaintiff informed the EEOC of his address change depends on matters outside the pleadings.  Both the Medical Center and Plaintiff attached materials outside the pleadings to their briefs as evidence that is relevant to this factual dispute.  *See* ECF No. 4-4 (EEOC decision from March 2010 in which Plaintiff used his Ohio address); ECF No. 8-1 (Plaintiff's affidavit stating that he informed the EEOC of his change of address).  The parties do not discuss conversion of the Medical Center's motion to one for summary judgment under Rule 12(d) in their briefs or otherwise comment on the appropriate standard of review.

Even if the Court were to convert the Medical Center's motion to a motion for summary judgment, dismissal of Plaintiff's complaint is not appropriate at this stage of the litigation. Plaintiff's affidavit presents a genuine issue of material fact as to whether he informed the EEOC

of his address change.  Because the Court is not empowered to make a factual determination on this issue, it will not opine on the probative value of Plaintiff's affidavit.

The Court **DENIES** the Medical Center's motion to dismiss Plaintiff's complaint as time-barred.

### III.  Improper Service

The Court now turns to the issue of service.  Plaintiff does not dispute the fact that Nancy Miller of the Ohio State University Medical Service Board is not a proper agent to receive service on behalf of the Medical Center.  Neither party disputes the fact that Plaintiff properly served the Medical Center on September 13, 2012.  The Court must determine whether Plaintiff's delay in perfecting serving warrants dismissal of the complaint.

Rule 12(b)(4) provides that party may present the defense of insufficient process.  Rule 4 governs service of process and provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A court must engage in a two-step analysis to determine whether it should dismiss a complaint for improper service.  *See* Fed. R. Civ. P. 4(m); *see also Henderson v. United States*, 517 U.S. 645, 662 n.10 (1996).  If a plaintiff can demonstrate good cause for his or her failure to serve the defendant within the 120-day window, then the court "must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  If a plaintiff fails to demonstrate good cause, then the court must either dismiss the action without prejudice or order that service be made

9

within a specified time. *Id.*; *see also Osborne v. First Union Nat'l Bank of De.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Plaintiff concedes that he cannot demonstrate good cause in this instance; thus, the Court must focus on the second prong of the analysis.

In determining whether a court should exercise its discretion to extend the 120-day period for service, the following factors are relevant:

> (1) whether a significant extension of time [is] required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Becker v. Warden Ross Corr. Inst.*, No. 2:05-CV-908, 2006 WL 2869567, at *4 (S.D. Ohio Oct. 5, 2006) (citing *Stafford v. Franklin Cnty.*, No. 2:04-cv-178, 2005 U.S. Dist. LEXIS 12740, at *7 (S.D. Ohio June 28, 2005)). Regarding the fourth factor, the Advisory Committee's note to Rule 4(m) states that, even if the plaintiff cannot demonstrate good cause, an extension would be warranted if "the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note, 1993 amendments.

The Court finds that dismissal under Rule 4(m) is not appropriate in this case. It is undisputed that more than ninety days have elapsed since Plaintiff received the EEOC Notice and that, if the Court dismisses this action without prejudice, Plaintiff is precluded from refiling his complaint and litigating his case before this Court. The fourth factor therefore strongly supports extending the 120-day deadline for service.

Other factors also weigh in favor of extending the 120-day deadline. The Medical Center had notice of the lawsuit (it must have received a copy of the complaint from the MCSB in order to file the present motion to dismiss), does not contest the fact that Plaintiff made a good faith

10

effort to effectuate service, and does not argue that the requested extension would prejudice it from defending this lawsuit. Other than noting that there is no good cause for Plaintiff's delay in this case, the Medical Center does not make any arguments regarding service in its reply.

Rule 4(m) mandates that, if a court does not dismiss the action without prejudice, it must order that service be made within a specified time. Plaintiff served the Medical Center with his amended complaint on September 13, 2012. This issue is therefore moot.

The Court **DENIES** the Medical Center's motion to dismiss Plaintiff's complaint for insufficient process.

### IV. Conclusion

The Court agrees with the Medical Center that Plaintiff has engaged in a series of missteps in this case that include failing to file his complaint within ninety days of the mailing date on the EEOC Notice, failing to serve the proper agent, and failing to file his response in opposition to the Medical Center's motion within the deadline that this Court set. The Court finds, however, that none of these missteps warrant dismissal at this stage of the litigation. The Court **DENIES** the Medical Center's motion to dismiss. (ECF No. 4.)

**IT IS SO ORDERED.**

                                              **/s/ Gregory L. Frost**
                                              **GREGORY L. FROST**
                                              **UNITED STATES DISTRICT JUDGE**